# CHARLESTON.

D. B. MOORE *v.* M. BAILEY, *et als*

(No. 6529)

Submitted September 18, 1929.   Decided September 24, 1929.

*Morton & Snyder,* for appellant.

*Price, Smith & Spilman,* for appellee Granite State Fire Ins. Co.

LITZ, JUDGE:

The plaintiff has appealed from an order of the circuit court of Kanawha county affirming a decree of the court of common pleas of said county, which dismissed the cause as having abated for failure of the plaintiff to prosecute.

The original bill of complaint was filed at January Rules, 1927. A demurrer thereto was sustained June 27, 1927, with leave to the plaintiff to file an amended bill. An order was entered July 27, 1928, filing an amended bill tendered by the plaintiff, and remanding the cause to rules. Process on the amended bill, returnable to September Rules, 1928, and duly served, was issued July 27, 1928. At October Rules, 1928, the defendant, The Granite State Fire Insurance Company, filed its plea in abatement upon the theory that the

suit had abated for failure of the plaintiff to take any action during the term of court at which the demurrer to the original bill was sustained in the course of filing an amended bill; and for the same reason, later moved, in open court, to strike the amended bill and quash the process. By decree of May 3, 1929, the plea and motion were sustained, the amended bill stricken from the record, and the cause dismissed.

The correctness of this ruling depends upon the construction of the statute authorizing the amendment of a declaration at law or bill in chancery. Section 12, chapter 71, Acts 1882, provide: "The plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant, or after such appearance if substantial justice will be promoted thereby. But if such amendment be made after the appearance of the defendant, the court may impose such terms upon the plaintiff as to a continuance of the cause, and the payment of the costs of such continuance, as it may deem just. The plaintiff may also at any time before or after the appearance of the defendant, in the vacation of the court wherein the suit is pending, file in the clerk's office, with the other papers in the cause, an amended declaration or bill, supplemental bill, or bill of revivor; whereupon the clerk shall issue a summons against the defendant, requiring him to plead to, or answer such amended declaration or bill. But if the court shall be of opinion that the same was improperly filed, it shall dismiss such declaration or bill at the costs of the plaintiff." The statute, amended and re-enacted as chapter 41, Acts 1911, (Section 12, Chapter 125, Code), now reads: "The plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant, or after such appearance, if substantial justice will be promoted thereby. If a demurrer be sustained to the declaration or bill, the plaintiff, upon giving notice to the defendant or defendants who have appeared, or to their counsel, may file at any time within the term at which the demurrer was sustained, an amended declaration or bill; and, thereupon, the cause shall proceed as if such amended pleading had been filed at the time when the original declaration or bill was filed; but the court shall allow the defendant a reasonable time to plead

or to answer such amended declaration or bill. The trial of the cause at law shall not be continued to another term because of the filing of an amended declaration, unless the defendant shall satisfy the court by affidavit, that because of such amendment he cannot safely proceed to trial without such continuance. But the plaintiff may, if he so elect, have the cause remanded to rules for amendment. The plaintiff may also, at any time before or after the appearance of the defendant, in vacation of the court wherein the suit is pending, file in the clerk's office an amended declaration, bill, supplemental bill or bill of revivor in such suit, whereupon the clerk shall issue a summons against the defendant, requiring him to plead to or answer such amended declaration or bill. But if the court shall be of the opinion that the same was improperly filed, it shall dismiss such declaration or bill at the cost of the plaintiff.''

The defendants would justify the ruling of the trial court on the ground that the plaintiff failed to take any action during the term at which the demurrer to the original bill was sustained in the course of filing an amended bill, and because the amended bill was filed in advance of the rules to which process was returnable. Action on the part of the plaintiff during the same term of court is required, by express provision, only in case he proceeds by notice to the defendant or his counsel; and there is nothing in the act implying such requirement where he seeks to amend by remanding the cause to rules. Why should such implication arise when the statute permits an amendment in vacation without remanding? The defendants could have speeded the cause, if they had desired to do so, by a rule requiring the plaintiff to plead. Even less merit attaches to the point that the amended bill should have been filed at Rules, to which process was returnable, and not by the order directing process. What difference does it make whether the pleading is filed in advance of or after process?

The orders of the circuit court and the court of common pleas of Kanawha county, complained of, are reversed and the cause remanded.

*Reversed and remanded.*